

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-5-2004

# Padilla v. Cherry Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Padilla v. Cherry Hill" (2004). *2004 Decisions.* Paper 259.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/259

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-3133
_____

DAVID PADILLA

v.

TOWNSHIP OF CHERRY HILL; OFFICERS JOHN
DOE 1 THROUGH 20, Police Officers and
Police Officials, jointly, severally,
individually, and/or in the alternative;
CHERRY HILL POLICE DEPARTMENT; JOHN DOE,
(a ficticious name jointly, severally,
and/or in the alternative); BRIAN MALLOY,
CAPTAIN; DAVID KNOEDLER, LIEUTENANT;
EDWARD CARNEY, SERGEANT; PAUL EICHFELD,
OFFICER; BRIAN ALBERT, PATROLMAN, individually
and in their capacities as police officers of
the Township of Cherry Hill; REBECCA MCCALLA

(New Jersey D.C. Civil No. 00-cv-5829)

AIDA RIVERA

v.

CHERRY HILL TOWNSHIP; CHERRY HILL
POLICE DEPARTMENT; JOHN DOE POLICE
OFFICERS I THROUGH X (fictitious names);
JOHN DOE, (a fictitious name jointly,
severally and/or in the alternative

(New Jersey D.C. Civil No. 01-cv-00759)

Aida Rivera,
Appellant

_____

Appeal from the United States District Court
For the District of New Jersey
D.C. Nos.: 00-cv-05829 and 01-cv-00759
District Judge: Honorable Freda L. Wolfson
_____

Submitted Under Third Circuit LAR 34.1(a) September 21, 2004

Before: McKEE, ROSENN, and WEIS, <u>Circuit Judges</u>

(Filed October 5, 2004 )
_____

OPINION OF THE COURT
_____

<u>ROSENN</u>, Circuit Judge.

Aida Rivera ("Rivera") brought this action under 28 U.S.C. § 1983 against Cherry Hill Township and its Police Department, charging that they failed to properly train their police officers and police dispatcher, and engaged in a policy which afforded "unfettered discretion to officers in the field." Rivera also sued John Doe police officers and John Doe employee under § 1983 in their individual capacities, maintaining that they violated her civil rights, including but not limited to, her First, Fourth, Fifth, Sixth, Eight, and Fourteenth amendment rights. In addition, Rivera brought supplemental state law claims against the John Doe officers for assault and battery, false arrest, recklessness, negligence, and gross negligence.

Although Rivera's initial complaint was filed within the 2-year statute of

2

limitations, she did not move to substitute the names of the individual officers and the dispatcher until 14 months after she learned their identities. Rivera contends that her proposed amendment is nonetheless permitted because it meets the conditions required for relation back under Federal Rules of Civil Procedure 15(c). The defendants counter that the amendment is time barred because it does not meet the requirements of Rule 15(c) or 15(a).

In response to Rivera's § 1983 failure-to-train claim, the Township avers that Rivera failed to prove municipal liability because there is no evidence of a policy of inadequate training, no proof of deliberate indifference to the rights of Township citizens, and no evidence that the Township's actions caused her constitutional violation.

The District Court denied Rivera's motion to amend the complaint to add the newly-named defendants. Additionally, in a separate opinion, the District Court granted summary judgment in favor of defendants Police Department and Township, denying Rivera's § 1983 claim against them, and denying Rivera's motion for partial summary judgment as to liability.

The District Court had jurisdiction over Rivera's claims brought under § 1983 pursuant to 28 U.S.C. §§ 1331 and 1343. See Garvin v. City of Phila., 354 F.3d 215, 219 (3d Cir. 2003). In addition, the District Court had supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367. Id. This court has jurisdiction under 28 U.S.C. § 1291 because the District Court's order granting summary

3

judgment to the Township and Police Department terminated the proceedings in the District Court. Id. In addition, "[t]he determination that appellants' claims are barred by the statute of limitations is a final and reviewable decisions." Nelson v. County of Allegheny, 60 F.3d 1010, 1012 (3d Cir. 1995).

## I.

The facts of the case are well known to the parties. However, certain salient points deserve mention. On the night and early morning hours of December 16, 1998, the Police Department received a series of 9-1-1 calls in which the caller threatened to kill Cherry Hill police officers. The dispatcher believed the caller to be David Padilla, a man with a history of placing harassing calls to the Police Department. When asked if he was David Padilla, the caller eventually responded in the affirmative. Based on this information, the Police Department dispatched officers to the home of David Padilla. Upon arrival, the officers set up surveillance of Padilla's apartment. Shortly thereafter, Padilla placed a 9-1-1 call to say that he was watching the officers from his apartment. Given Padilla's history of threatening police, the officers regarded Padilla as a threat to their safety and therefore ran into the woods for cover.

As a result of the perceived threat, a police lieutenant on the scene decided to activate the Tactical Response Team ("TRT"). Upon arrival, the TRT set up a secure perimeter around the apartment, established additional surveillance of the apartment and balcony, designated a sniper, and cordoned off the streets adjacent to the apartment. The

TRT "entry team," led by Sergeant Carney, took position in the hallway of Padilla's apartment.

Then began a standoff lasting more than three hours. During that time, the officers attempted to negotiate Padilla's peaceful surrender through numerous phone calls and face-to-face entreaty. After these efforts proved unsuccessful, Sergeant Carney ordered the TRT to forcibly enter the apartment. Padilla was forced to the floor at gunpoint and arrested. Rivera, allegedly not knowing who was breaking down the door, climbed over the edge of the balcony in an effort to jump from Padilla's fourth floor balcony onto the second floor balcony below. In the process, she lost her grip and fell 20-25 feet onto an awning below, sustaining injuries. This litigation followed.

## II.

On November 24, 2000, Padilla filed suit in the United States District Court of New Jersey against the Township and "Officers John Doe 1 through 20 (a fictitious name), Police Officers and Police Officials." On December 15, 2000, Rivera filed suit in New Jersey Superior Court against the Township, the Police Department, and "John Doe Police Officers I through X (fictitious names) and/or John Doe (a fictitious name)." By order of March 21, 2001, Rivera's state court action was removed to federal court and consolidated with Padilla's federal action.[1]

On May 2, 2001, defendants submitted their initial disclosures, wherein they

---

[1]Padilla's claims are not before this court. Padilla is mentioned throughout this memorandum only to provide context for Rivera's action.

named all individuals with knowledge of the facts, including every officer and civilian employee involved in the incident. Plaintiffs took the depositions of the proposed defendants from December 19, 2001 through February 27, 2002. Discovery ended February 28, 2002. However, Rivera and Padilla did not move to amend their complaints to add the names of the individual officers until July 22, 2002 and July 31, 2002, respectively. These motions came over a year and a half after the statute of limitations had run and almost five months after discovery closed. The United States Magistrate Judge denied plaintiffs' motions to amend on December 10, 2002. Rivera timely appealed on December 27, 2002.[2]

The District Court affirmed the Magistrate Judge's denial of River's motion to amend on March 25, 2003. On June 30, 2003, the District Court granted summary judgment in favor of defendants Police Department and the Township, denying Rivera's § 1983 claim against them alleging failure to adequately train the officers and dispatcher.

A.

This court reviews a district court's decision granting or denying leave to amend a complaint for abuse of discretion. Krantz v. Prudential Investments Fund Mgmt., LLC, 305 F.3d 140, 144 (3d Cir. 2002). The standard of review for factual conclusions that a district court made while considering a Rule 15 motion is clear error. Singletary v. Pa.

---

[2]Padilla filed his notice of appeal outside the prescribed period for appealing a magistrate judge's order. Thus, Padilla's appeal was time barred.

Dep't of Corr., 266 F.3d 186, 193 (3d Cir. 2001). "Furthermore, if the district court's decision regarding a 15(c) motion was based on the court's interpretation of the Federal Rules of Civil Procedure, [this court's] review is plenary." Id. This court exercises plenary review of the district court's grant of summary judgment. Boyle v. County of Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998).

B.

In reviewing the District Court's decision, we must first determine the relevant statute of limitations. In actions under § 1983, federal courts apply the forum state's statute of limitations for personal injury. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998) (citing Wilson v. Garcia, 471 U.S. 261, 276-78 (1985)). Because New Jersey's statute of limitations for personal injury is two years, see N.J.S.A. 2A:14-2,[3] Rivera's claims are subject to a two-year statute of limitations. See Mullen v. Port Auth. of N.Y. & N.J., 100 F. Supp. 2d 249, 260 (D.N.J. 1999). A § 1983 cause of action begins to accrue when the plaintiff knows, or has reason to know, of the injury on which the action is based. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998). Rivera knows, or has reason to know, that her cause of action began to accrue on the date of the incident, December 16, 1998. Thus, the statute of limitations expired on December 16, 2000. Rivera filed her initial complaint on December 15, 2000, within the statute of

[3]N.J.S.A. 2A:14-2 provides, "[e]very action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within 2 years next after the cause of any such action shall have accrued . . . ."

7

limitations. However, Rivera did not move to amend the complaint to substitute real identities for the John Doe defendants until July 2002. Because "[t]he naming of a John Doe defendant in a complaint does not stop the statute of limitations for running or toll the limitations period as to that defendant[,]" Garvin, 354 F.3d at 220, Rivera's proposed amendment is time barred unless it meets the requirements of Federal Rule of Civil Procedure 15(c), which allows amendments to relate back to the filing date of the original complaint. See Nelson, 60 F.3d at 1015.

Federal Rule of Civil Procedure 15(c) permits amendment of a pleading to relate back to the date of the original pleading when:

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
>
> * * *
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Rule 15(c)(1) permits an amendment to relate back if relation back is permitted by the law that provides the statute of limitations applicable to the action. As discussed above, New Jersey law provides the statute of limitations applicable to Rivera's § 1983 action. Therefore, New Jersey law determines whether Rivera's amendment will be permitted to

8

relate back under 15(c)(1). <u>See Cruz v. City of Camden</u>, 898 F. Supp. 1100, 1107 (D.N.J. 1995).

Under New Jersey law, "[i]n any action, . . . if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification." N.J.R. 4:26-4. "To be entitled to the benefit of this rule, a plaintiff must proceed with due diligence in ascertaining the fictitiously identified defendant's true name and amending the complaint to correctly identify that defendant." <u>Claypotch v. Heller, Inc.</u>, 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003) (citing <u>Farrell v. Votator Div. of Chemetron Corp.</u>, 299 A.2d 394, 399 (N.J. 1973)); <u>DeRienzo v. Harvard Indus., Inc.</u>, 357 F.3d 348, 353 (3d Cir. 2004) (citing <u>Farrell</u>, 299 A.2d at 396). "In determining whether a plaintiff has acted with due diligence in substituting the true name of a fictitiously identified defendant, a crucial factor is whether the defendant has been prejudiced by the delay in its identification as a potentially liable party and service of the amended complaint." <u>Claypotch</u>, 823 A.2d at 848.

Thus, to determine whether Rivera's amendment may relate back under New Jersey law, we must first consider whether Rivera exercised due diligence in identifying the officers. Next, we must determine whether Rivera acted with due diligence in substituting the officer names as direct defendants once they were ascertained. Finally, we must gauge whether the lapse of time has prejudiced the defendants.

9

The record reveals that Rivera failed to exercise due diligence and make a good faith effort to discover the officers' identities. Rivera claims that the defendants' refused to divulge the names of the officers. However, this mischaracterizes the facts. Although the municipal attorney for the Township did, in fact, refuse to release incident reports to Rivera's then-attorney Frank Rose, the municipal attorney was not "stonewalling." Rather, she was reluctant to release the information because she had received requests from three different attorneys all claiming to represent Rivera, including one who had an ethics complaint filed against him. The municipal attorney notified Rivera's current attorney, Wayne Powell, Esq., that she would only release the information when it became clear who represented Rivera. The municipal attorney's objection to releasing the incident information in the face of the confusion surrounding Rivera's representation was principled and hardly qualifies as "stonewalling."

Even assuming, arguendo, that the defendants were engaging in "stonewalling" tactics, Rivera never sought the Court's permission to take pre-filing depositions. Furthermore, once the complaint was filed, Rivera never subpoenaed any information, nor sought the Court's intervention to resolve any alleged discovery disputes.

In addition to her failure to diligently determine the officers' names, Rivera failed to act with due diligence in substituting the officer names as direct defendants once they were identified. On May 2, 2001, defendants submitted their Rule 26(a) disclosures, wherein they named the officers and civilian employee involved in the incident. The

10

disclosures also contained the Cherry Hill Police Offense Reports and Investigative Reports concerning the event, and a transcribed copy of a police interview of Padilla. Despite this wealth of pertinent information, Rivera did not begin conducting depositions until nearly 6 months later. On February 29, 2002, discovery was closed. Nonetheless, for some inexplicable reason, Rivera failed to amend her complaint until nearly 5 months later. As the District Court points out, "these motions to amend came over 14 months after the defendants' names were made known to plaintiffs through their initial disclosures, and over 43 months after the date of the incident." Waiting so long to substitute the names demonstrates a lack of due diligence and is fatal to any attempt to relate back under New Jersey law. See Johnston v. Muhlenberg Reg'l Med. Ctr., 740 A.2d 1122, 1125 (N.J. Super. Ct. App. Div. 1999).

By the time Rivera moved to amend her complaint to rename the defendants, each of the proposed defendants had already been deposed, without the benefit of counsel. Defense counsel attended the depositions, but viewed the officers as fact witnesses instead of clients. Being deposed without the benefit of counsel and subsequently being named as a defendant constitutes undue prejudice against the proposed defendants. In addition to creating prejudice against the proposed defendants, the District Court held that the amendment prejudices the Township. We agree.

New Jersey law therefore precludes Rivera's amendments from relating back. Because New Jersey law does not permit relation back, relation back is not allowed under

11

15(c)(1). Nonetheless, relation back may still be permitted under Rule 15(c)(3). We therefore turn to determine whether the amended complaint meets the conditions required for relation back under 15(c)(3).

Rule 15(c)(3) offers an alternative avenue for an amendment to relate back. However, because Rivera failed to raise Rule 15(c)(3) in either the District Court or her brief before this court, the claim is waived. Assuming, arguendo, that the Rule 15(c)(3) claim is not waived, Rivera's amendment still fails because it fails to meet the requirements of 15(c)(3) on account of lack of notice and undue prejudice to the proposed and existing defendants.

III.

Rivera asserts § 1983 claims against the individual officers and police dispatcher, the Police Department, and the Township. As discussed above, the individual officers and dispatcher cannot be sued because the amendment naming them as defendants does not relate back and therefore is barred by the statute of limitations.

Rivera's claim against the Police Department is equally unsuccessful because the Police Department cannot be sued. "In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity." DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001). Because the Police Department is merely an arm of the Township, the summary judgment granted to the

12

Police Department on the § 1983 claim was proper.  See N.J.S.A. 40A:14-118 (proclaiming that New Jersey police departments are "an executive and enforcement function of municipal government.").

Only the claim against the Township remains.  Section 1983 imposes civil liability upon any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States.  DeBellis, 166 F. Supp. 2d at 264.  Unlike unincorporated police departments, municipalities are legal entities amenable to suit for their unconstitutional policies or customs.  Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 690 (1978).  To recover against a municipality, a plaintiff must "demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the 'moving force' behind the constitutional tort."  Hansell v. City of Atlantic City, 152 F. Supp. 2d 589, 609 (D.N.J. 2001).  However, a municipality may be liable if an employee acts unconstitutionally and the municipality failed to adequately train or supervise that employee.  City of Canton v. Harris, 489 U.S. 378, 380 (1989).

In the instant case, Rivera alleges that the Township failed to adequately train its communications personnel how to identify a caller, and failed to adequately train its police supervisors in deploying the TRT and Critical Incident Negotiations Team.

13

However, Rivera's allegations of inadequate training are unsuccessful because she fails to demonstrate that the Township had a policy of inadequate training, fails to demonstrate deliberate indifference, and fails to establish causation.

Furthermore, it is insufficient for Rivera to point out alternatives which could have been pursued by the Police Department. The Township must have a policy of inadequate training so obvious as to rise to the level of deliberate indifference to the rights of persons. Rivera has failed to satisfy this burden by failing to even demonstrate a policy of inadequate training.

A plaintiff must also "establish that the government policy or custom was the proximate cause of the injuries sustained." Kneipp v. Tedder, 95 F.3d 1199, 1213 (3d Cir. 1996). Assuming that the Township had a policy of inadequate training, Rivera must prove that the officers' lack of training caused them to violate her civil rights. However, the record does not support such a claim.

Because Rivera fails to satisfy her burden of establishing a municipal policy of inadequate training, deliberate indifference, and causation, her failure-to-train claim against the Township is unsuccessful. Accordingly, the District Court's grant of summary judgment in favor of the Township with regard to the § 1983 claim is affirmed.

IV.

For the aforementioned reasons, the judgment of the District Court will be affirmed. Costs taxed against the appellants.

14